## EL PUEBLO v. TORRES.

### APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 61.  Resuelto en noviembre 28, 1905.

NUEVO JUICIO.—VEREDICTO CONTRARIO Á LAS PRUEBAS.—PLIEGO DE EXCEPCIONES.— Denegada por la Corte una moción del acusado solicitando la concesión de un nuevo juicio por el fundamento de ser el veredicto contrario á las pruebas, deberá tomar excepción el acusado, y consignarla después en un pliego de excepciones que habrá de preparar de acuerdo con los artículos 298 y 299 del Código de Enjuiciamiento Criminal.

ID.—RELACIÓN DE HECHOS.—Es presunción legal que el veredicto y la sentencia dictada en una causa están de acuerdo con la prueba practicada en el juicio, y para poder estimar lo contrario, es necesario que se incluya en la transcripción de autos presentada para la apelación un pliego de excepciones ó una relación de hechos preparada con la intervención de la parte contraria y debidamente aprobada por el Juez.

ID.—NOTAS DEL TAQUÍGRAFO.—INSTRUCCIONES DE LA CORTE AL JURADO.—Para que las notas del taquígrafo sobre las instrucciones de la Corte al jurado puedan formar parte de la transcripción de autos y utilizarse en una apelación de igual modo que si se hubieran consignado en un pliego de excepciones, es necesario que contengan los endosos en que se consigne la reso-

lución del tribunal en relación con las cuestiones que surjan con respecto
á las mismas.

Id.—Minutas de la Corte.—Las *minutas* de la Corte deben contener solamente
una breve relación ó *memorandum* de los hechos ocurridos en el juicio,
sin relación alguna con la prueba, que en ningún caso, se consigna en las
minutas de la Corte.

Estatutos.—Diferencias entre el texto inglés y el español.—En los casos
en que hubiere diferencias entre el texto inglés de una ley y el texto español,
el primero ha de conceptuarse como el texto original, debiendo el español
subordinarse á él.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Rossy, Fiscal.*

Abogado del apelante: *Sr. Largé.*

El Juez Asociado Sr. Figueras, emitió la opinión del
tribunal.

El apelante en esta causa fué acusado por el Fiscal de la
Corte de Distrito de Arecibo por el delito de seducción, y
celebrado el juicio, el jurado dió un veredicto de culpabili-
dad pidiendo en el mismo clemencia para el acusado.

Antes de dictarse la correspondiente sentencia se soli-
citó un nuevo juicio por ser contrario á derecho y á las
pruebas practicadas el veredicto que el jurado pronun-
ció. El juez de la referida corte negó esa solicitud
y en cinco de noviembre del año próximo pasado dictó
sentencia condenando al acusado por el delito de seduc-
ción á la pena de tres años y seis meses de presidio con
trabajos forzados, quinientos dollars de multa y al pago
de las costas, debiendo sufrir en caso de insolvencia un
día por cada dollar que deje de satisfacer.

De la providencia denegando un nuevo juicio, que no
consta en el récord, y de la sentencia condenatoria se ape-
ló para ante esta Corte Suprema en la que se presentó
la causa en 19 de agosto último. En ella se encuentra una
transcripción de las notas taquigráficas que se componen
de 24 páginas y en las que se detalla el testimonio de ca-
da testigo por medio de preguntas y respuestas certifi-
cando al final el taquígrafo, Francisco Montilla que todo
lo precedente concuerda exactamente con las notas ta-

quigráficas tomadas por él en la celebración del juicio en la sesión del Tribunal del día 2 de noviembre de 1904.

El apelante por medio de su abogado don Simón Largé presentó aquí un escrito en el que se alega:

*Primero.*—Que el veredicto es contrario á derecho y á la prueba.

*Segundo.*—Que la prueba practicada en el juicio como base del veredicto y fallo, es insuficiente para justificar el hecho delictivo que se persigue.

Con esas alegaciones pide la revocación del fallo apelado y absolución del acusado ó en otro caso que se ordene la celebración de un nuevo juicio.

El fiscal de esta corte se opone á cuanto el peticionario solicita y cree que la sentencia apelada debe confirmarse en todas sus partes.

El apelante presentó ante la Corte de Distrito de Arecibo una moción para que se procediese á un nuevo juicio, porque el veredicto en su sentir era contrario á derecho y á las pruebas. No. 6 art. 303 del Código de Enjuiciamiento Criminal. De modo que se colocó la cuestión bajo el caso 3 del art. 296.

Esa solicitud fué denegada y entonces debió cumplirse con lo que dispone el artículo 298 preparando un escrito ó declaración de excepciones dentro del término que allí se determina que con la conformidad del fiscal ó sin ella si no fuere posible hubiere obtenido la resolución firmada por el juez de la Corte de Distrito ó en su caso, con la resolución de este Tribunal Supremo.

Ese escrito ó declaración de excepciones, según el 299 debía limitarse solamente á aquellas pruebas que fueran necesarias para exponer todos los puntos de derecho en que se basaban las excepciones, porque el juez, según esa misma disposición, tienen la facultad, estén ó no conformes las partes, de poder eliminar todos los demás extremos contenidos en la declaración.

Esto es lo que previene la ley para estos casos.

Y en cuanto á la exposición de hechos sobre la prueba, las reglas dictadas para el gobierno de las cortes de distritos aprobadas por el Hon. Attorney General con un espíritu que armoniza con el de la referida ley procesal, dice así:

"Después del juicio de una causa, la defensa ó la acusación podrá hacer una relación escrita de los hechos presentados como prueba en el juicio, y someter la misma á la parte contraria, ó á su abogado para su examen. Tal relación de hechos deberá contener un lleno y completo estado de todos los hechos presentados como prueba en el juicio de la causa, expresando el testimonio de cada testigo en forma concisa y narrativa y también incluyendo copia de todos los documentos presentados como prueba, y la certificación de las partes ó sus abogados así lo justificará. Si el acusado ó su abogado y el Fiscal, llegaren á un acuerdo sobre la relación de hechos, ésta será sometida al Juez, quien si la encuentra correcta, la aprobará y la firmará, y se entregará en Secretaría, y una copia de ella será incorporada en la transcripción á los efectos de la apelación. Si las partes no llegaren á un acuerdo, la relación de hechos será entonces preparada por el Juez, quien deberá certificarla, y también certificará que las partes no llegaron á un acuerdo. Tal relación de hechos debe ser formada y entregada en Secretaría dentro del término que la Corte designe, no excediendo del tiempo fijado para la aprobación del pliego de excepciones."

Así presentado el problema jurídico, esta Corte Suprema hubiera podido fijar el verdadero alcance de la prueba y decidir con acierto la cuestión planteada.

No se ha hecho así y para demostrar que la prueba es insuficiente y que el veredicto es contrario á ella y al derecho, solamente se traen á esta apelación las notas taquigráficas en la forma que ya se ha indicado y ellas no tienen la suficiente garantía para que merezcan nuestra consideración y menos para arriesgarnos á un juicio contrario al que formó el jurado.

La ley siempre presume que el veredicto y la sentencia están de acuerdo con la prueba practicada en el juicio, y siendo esto así nada puede hacerse contra esa prueba á espaldas del juez y del fiscal. Es necesario, pues, que

ellos tengan cierta intervención y la tienen seguramente si el pliego de excepciones ó la relación de hechos viene en la forma que ya se ha expresado.

Y no se nos objete con el artículo 300 del Código de Enjuiciamiento Criminal para deducir de su contenido que las notas taquigráficas deben tener eficacia para el fin que este apelante se propone.

En esa disposición se habla, según la edición inglesa de esa ley, de las notas tomadas por relatores (reporters), pero aún esas mismas notas sobre instrucciones al jurado necesitan los endosos en que se consigne la resolución del Tribunal para formar parte de los autos y sólo así podrán utilizarse en una apelación de igual modo que si se hubiera consignado en el escrito ó declaración de excepciones.

Véase, pues, como en ese caso, sólo relacionado con las instrucciones al jurado escritas ó tomadas por notas de relatores (reporters), necesítase de una formalidad mayor que las simples notas, cual es la resolución del juez sobre dichas instrucciones, resolución que viene á demostrar que esas y no otras fueron las que se dieron y así ya esta corte puede en ese caso entrar á discutir sobre las mismas sin temor á transcedentales equivocaciones.

Pero hoy no se trata de eso y volviendo al caso que constituye esta apelación puede también que se nos objete con la ley aprobada en 10 de marzo de 1904 "creando las plazas de taquígrafos-reporters de los tribunales de distrito, determinando sus deberes y fijando sus sueldos y compensaciones."

En el último inciso de la sección 5a. de la misma se dice en la edición española:

"Dicha copia del récord constituirá *prima facie* del acta del juicio, y podrá usarse al hacerse cualquiera moción para la celebración de un nuevo juicio, revisión ó apelación del mismo, en los casos en que el acta del Tribunal sea necesaria."

Pero podemos afirmar que hay aquí un grave error de traducción. En la edición inglesa que es á la que en este caso debemos dar fe se usa la palabra *minutes* en vez de *acta* y esa palabra *minutes* no equivale á la acepción que antes se le daba á la palabra acta que era el documento en que se hacía constar todo lo importante que en el desarrollo del juicio oral ocurría y que firmaba el Tribunal, las partes y el secretario.

No, *minutes* quiere decir un breve sumario ó memorandum ó una relación concisa de los hechos ocurridos en en la corte sin relación alguna con la prueba que en ningún caso se consigna en las minutas de la corte.

De modo que teniendo en cuenta esas diferencias, la verdadera construcción del inciso de la ley que consideramos debe ser así:

"Dicha copia del récord constituirá *prima facie* de las *minutas* del juicio y podrá usarse etc., etc., en los casos en que las *minutas* del Tribunal sean necesarias."

En la apelación No. 62 procedente de Arecibo entre el *Pueblo de Puerto Rico* contra *Juan de Mata Eligier* y *Juan del Carmen Groló,* apelación que se falló en 20 del mes actual, se trató también del valor que pueden tener las notas taquigráficas y allí para precisar el significado de la palabra *minutes* se estudió la definición que da á esa palabra Bouvier en su diccionario, así como también se tuvo en cuenta lo que sobre este particular y con referencia á las autoridades se consigna en 15 American & English Encyclopedia of laws (1st. ed. p 618.)

Nos remitimos á la opinión entonces emitida por el Hon. juez MacLeary, opinión que aceptó esta Corte Suprema y en que fundó la sentencia que dictara.

Y en mérito de las razones expuestas y tal como se ha presentado esta apelación no hay base alguna para considerar insuficiente ó errónea la prueba que se tuvo en cuenta para el veredicto y para la sentencia. Así no hay

más que confirmar la resolución apelada denegando un nuevo juicio y confirmar tambien la sentencia dictada por la Corte de Distrito de Arecibo en 5 de noviembre de 1904.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, MacLeary y Wolf.